JUDGE KOEL

07 CV 11583

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2710
Fax Number : (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

    - v. -

CHRISTOPHER MATHIESON,

                Defendant.
----------------------------------------------------------------x



VERIFIED COMPLAINT

07 CIV.

        Plaintiff United States of America (the "United States"), by and through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, alleges upon information and belief that:

        1.    Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1345.

        2.    Defendant Christopher Mathieson (the "defendant") resides at 34 8th Ave., New York, NY 10014-1872, within the Southern District of New York.

FIRST CAUSE OF ACTION

        3.    Defendant applied for and received a student loan from the lender whose name is set out in the defendant's promissory note(s) evidencing the loan, copies of which are annexed hereto as Exhibit A and incorporated herein.

        4.    Defendant defaulted on said note(s) and owes the amount said note(s) and

interest.

    5.    The United States is the assignee and present holder of said note(s).

    6.    The amount due and owing plaintiff by defendant on said note(s) is $2,860.57, plus interest in the amount of $2,226.42, as of December 20, 2007, with interest accruing thereafter at the rate of 8.02 percent per annum. A Certificate of Indebtedness from the United States Department of Education is annexed hereto as Exhibit B and incorporated herein.

## SECOND CAUSE OF ACTION

    7.    Plaintiff repeats and realleges the allegations contained in paragraphs numbered one through six.

    8.    Plaintiff insured the aforementioned note(s) pursuant to Title IV of the Higher Education Act of 1965, Public Law 89-329.

    9.    The lender made an insurance claim on the United States for the amount of the lender's loss arising from the defendant's default on said note(s), which claim has been paid by the United States to the lender.

    10.    Plaintiff is entitled to be indemnified by defendant in the amount of $5,086.99 as of December 20, 2007, with interest accruing thereafter at the rate of 8.02 percent per annum.

WHEREFORE, plaintiff demands judgment against defendant in the amount of $5,086.99 plus interest as provided by law to the date of judgment and interest from the date of judgment at the legal rate until paid in full, together with costs and disbursements and for such other and further relief as this Court deems just and proper.

Dated: New York, New York

December 21, 2007

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        Attorney for the Plaintiff

By: _____
    KATHLEEN A. ZEBROWSKI
    Assistant United States Attorney
    86 Chambers Street
    New York, New York 10007
    Telephone No.: (212) 637-2710

VERIFICATION

STATE OF NEW YORK           )
COUNTY OF NEW YORK          : ss.:
SOUTHERN DISTRICT OF NEW YORK )

KATHLEEN A. ZEBROWSKI, being duly sworn, deposes and says that she is an Assistant United States Attorney in the office of Michael J. Garcia, United States Attorney for the Southern District of New York, that she has read the foregoing complaint, and that the same is true and accurate to the best of her knowledge and belief.

_____
KATHLEEN A. ZEBROWSKI
Assistant United States Attorney

Sworn to before me this

____ day of December, 2007

_____
NOTARY PUBLIC

HERMAN AMOS JR.
Notary Public, State of New York
No. 31-4961366
Qualified in New York County
Commission Expires Feb. 5, 2010

I am applying for this loan for my attendance at **University of Florida**
Name of School

for the term(s) that begins on **08** / **93** , and ends on **5** / **94** .
Month   Year                Month   Year

(1)

## APPLICATION/PROMISSORY NOTE FOR A FLORIDA STAFFORD LOAN

**WARNING:** This Student loan must be repaid. Failure to honor its repayment terms may result in default. Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties under State and Federal Codes.

### I - BORROWER SECTION - COMPLETED BY STUDENT

PRINT IN INK OR TYPE ALL ENTRIES

1. SOCIAL SECURITY NUMBER: **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**
2. LAST NAME: **Mathieson** FIRST: **Christopher** MIDDLE/MAIDEN: **James**
3. TELEPHONE NUMBER: **(407) 444-0502**  PERMANENT HOME ADDRESS: **3044 Timpana Point**
   CITY: **Orlando**  STATE: **FL**  ZIPCODE: **32779**
4. REQUESTED LOAN AMOUNT: **$ 5500.00**

5. REFERENCE REQUIREMENT - All references must be in the United States and be at different addresses. If you do not list three references, your application will not be processed.

A. (Parent or Guardian)
   NAME: **William F. Mathieson**  STREET ADDRESS CITY ST ZIP: **3044 Timpana Pl. Orlando, FL 32779**  PHONE NUMBER: **(407) 444-0502**  EMPLOYER: **Retired**

B. (Other Adult Relative who is not your parent or guardian)
   **June Plastow**  **28058 Grand Duke, Farmington Hills, MI 48334**  **(313) 476-3806**  **Housewife**

C. (Other Adult who will know how to contact you)
   **Dr. Brian McNeil**  **106 Newell Hall Gainesville, FL 32611**  **(904) 392-1803**  **Professor**

6. READ INSTRUCTION FOR ITEM 6 BEFORE COMPLETING.

The lender I wish to process this loan is
LENDER NAME: **Barnett Bank**  LENDER CODE: **831896 00**

If you need assistance in selecting a lender or if you have any questions about how to complete this Application/Promissory Note, contact the Financial Aid Officer at your school or call the Florida Guaranteed Loan Program Processing Center — 904-656-7033 or 1-800-537-6091.

### PROMISSORY NOTE FOR A STAFFORD LOAN

I. **PROMISE TO PAY** - I, the undersigned borrower identified above, **PROMISE TO PAY** to the order of the lender identified on my Notice of Loan Guarantee and Disclosure Statement or to a subsequent holder of this promissory note a sum equal to the loan amount I have requested in item 4 of this application or any lesser amount which will be disclosed to me on my Notice of Loan Guarantee and Disclosure Statement, plus interest and any other charges which may become due as provided for in this note. My signature confirms that I have read, understood and agreed to the conditions and authorizations stated in the "BORROWER CERTIFICATION" on the reverse side of this note and the legally required information in the application packet.

**NOTICE TO STUDENT:** Terms of the Promissory Note continue on the reverse side. When you complete this Application and Promissory Note, you are applying for a loan and promising to repay the amount that is loaned to you.

**RETAIN THE BORROWER COPY FOR YOUR RECORDS.**

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE, I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF.

SIGNATURE OF BORROWER: *Christopher James Mathieson*  DATE: **8-31-93**

8. SIGNATURE OF ENDORSER:  DATE:  ENDORSER ADDRESS: CITY STATE ZIPCODE  PHONE NUMBER  SOC SEC NO

**FOR LENDER USE ONLY**

LOAN NO **1206816**

**FAST APP**

**ANNUAL LOAN LIMITS:**
| | |
|---|---|
| First 2 years of Undergraduate or Vocational Program | $ 2,625 |
| Remaining years of Undergraduate Program | $ 4,000 |
| Total Undergraduate | $17,250 |
| Graduate or Professional Program | $ 7,500 |
| Total Undergraduate, Vocational, Graduate and Professional | $54,750 |

FGLP FORM 1A (6/91)   LENDER COPY

## Additional Terms of the Promissory Note for a Stafford Loan

**II. Date Note Comes Due** I will repay this loan 1) in periodic installments during a repayment period that will begin no later than the end of my grace period or 2) in full immediately, if I fail to enroll and attend at the school which certified my application for the academic period intended (this loan will not be eligible for a grace period) My grace period is that period of time which begins when either I leave school or stop carrying, at an eligible school, at least one half the normal full time academic workload required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and the repayment period begin earlier. My due date will be indicated on the Repayment Schedule.

**III. Interest** (1) I agree to pay an amount equivalent to simple interest as specified in (4) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (2) However, the U S Secretary of Education ("Secretary") will pay the interest that qualify to have such payments made on my behalf under the regulations governing the Stafford Loan Program as defined in the Higher Education Act (USL) in the event that the interest on the loan is unable to be capitalized by the lender nor either holder of this Note may attempt to collect this interest from me, I may, however, choose to pay this interest myself. (3) Once qualifications for the Stafford subsidy for payment of all interest that accrues on this loan ceases, I will be responsible on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note. (a) The interest rate will be determined according to the following: (a) If I have no outstanding Stafford Loan(s) on the date I sign this Note, the applicable interest rate will apply to my loan as the applicable interest rate on the outstanding Stafford Loans. (b) if I am borrowing for a period of enrollment which begins before July 1, 1988, and I have no outstanding Stafford Loans, the applicable interest rate on this loan will be 8%. (c) If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding Stafford Loan(s) or I have no outstanding balance on any PLUS, Supplemental Loans for Students ("SLS") made for enrollment periods beginning before that date or any Consolidation loan(s) which repaid any of the enrollment periods beginning before that date, the applicable interest rate on this loan will be 8%. (d) If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have an outstanding balance on any Stafford Loan, PLUS, or SLS made for enrollment periods beginning before that date or any Consolidation loan(s) which repaid any of the outstanding loans described above, the applicable interest rate on this loan will be the applicable rate on the outstanding loan. The applicable interest rate on this loan will be 8% at the beginning of my repayment status and 10% at the beginning of the fourth year of my repayment status and will be adjusted at the beginning of the fifth year of my repayment status. (5) The applicable interest rate (a) until the end of the fourth year of my repayment status, and its beginning with the fifth year of my repayment status, will be identified on my Notice of Loan Guarantee and Disclosure Statement. (6) I may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The lender or holder of this note may add accrued unpaid interest to the unpaid balance (capitalization) of the loan in accordance with State and Federal Regulations governing the Stafford Loan Program.

**IV. Origination and Guarantee Fees** I will pay to the lender an origination fee not to exceed the percentage of the loan amount that is authorized by Federal law. The rate and amount of the origination fee will be identified to me in the Notice of Loan Guarantee and Disclosure Statement. The lender will withhold this fee from the principal amount of the loan. If the lender disburses the loan in multiple installments, the lender will deduct this fee from the principal amount of each disbursement. I will pay to the lender an amount equal to the premium that the lender is required to pay the Florida Department of Education in order to obtain insurance coverage on this loan. The rate and amount of the guarantee fee will be identified to me in the Notice of Loan Guarantee and Disclosure Statement. The lender will withhold this fee from the principal amount of the loan. If the lender disburses the loan in multiple installments, the lender will deduct the fee from the principal amount of each disbursement.

**V. Default** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once (subject to any law which gives me a right to cure my default) if: 1) any payment has not reached you within the number of days after it is due as specified on the Repayment Schedule, or if I fail to meet the terms of the Application Promissory Note under circumstances where you find it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that my failure persists for (a) 180 days if I pay in monthly installments, or (b) 240 days if I repay in less frequent installments, or (2) I fail to notify you of a change in my name, address or school enrollment status within 10 days, or 3) I break any of my other promises under this agreement, or 4) I make any false written statement in applying for the loan or for a forbearance or deferment of this loan. After sending each notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default on this loan 1) The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable, 2) The lender, holder, or Florida Department of Education may disclose to schools I have attended (or am currently attending) information about the default, 3) I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loans (formerly called National Direct Student Loans), Stafford Loans, Supplemental Loans for Students, PLUS Loans or Consolidated Loans; and 4) I will be ineligible for the benefits described under Paragraph III Interest, and Paragraph VIII Deferment.

**VI. Late Charges and Collection Costs** I agree to pay the following amounts if delinquent in making payments when due or if this Promissory Note is declared in default, 1) A late charge not to exceed 6 cents for each dollar of any installment payment not received by the lender within ten (10) days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Paragraph VIII of this Promissory Note. 2) Costs that are permitted by Federal and State laws and are necessary for collection of any overdue amount. The costs may include attorney's fees, court costs, and costs of telegrams and long-distance telephone calls; 3) Collection costs which do not exceed 25 percent of the unpaid principal and accrued interest if this loan is referred for collection to an agent or agency that is subject to the Fair Debt Collection Practices Act.

**VII. Additional Agreements** 1) The proceeds of this loan will be used only for my educational expenses at the school certifying my application. 2) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. 3) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provisions of this Note can be waived or modified except in writing. 4) If the Florida Department of Education is required under its guarantee to repay my loan(s) because I have defaulted, the Florida Department of Education will become the owner of this Note and as my creditor, will have all the rights of the original lender to enforce this Note against me. 5) I understand that I must repay this Note even though I may be under 18 years of age. 6) If I am unable to make the scheduled payments for reason of hardship, I may be eligible for forbearance as provided for in the Stafford Loan Program regulations at the discretion of the lender on the repayment of my loan(s). 7) In this Note the words I, me, and my mean the borrower identified in Item 2 of the Application. You, your and yours mean the lender and any other owner of the Note.

**VIII. Deferment** If I am entitled to deferments under the Higher Education Act of 1965, as amended and its regulations, I must request the deferment and provide you with all documentation required to establish my eligibility. I understand that I must notify you when the condition entitling me to the deferment no longer exists.

**IX. Repayment** I will repay the total amount due on this Promissory Note in periodic installments, with interest at the rate indicated in Interest, Paragraph III, on the unpaid balance from the due date of this Promissory Note until the loan is paid in full. Prior to the due date of this Promissory Note, you will send to me a Repayment Schedule which shows the particular repayment terms, including the beginning due date, that will become part of this Promissory Note. The Repayment Schedule may include all loans I have received from you, under the Florida Stafford Loan Program. The Repayment Schedule will require me to make monthly payments for a period of not less than 5 nor more than 10 years after this Note becomes due. Any period described under Paragraph VIII Deferment or any period for which the lender has granted forbearance will not be included in determining the 5- and 10 year periods mentioned above. At my option I may agree to a repayment period that is shorter than 5 years. I may at a later time have the repayment period extended so that the total repayment period is not less than 5 years, provided, my total payments for any year of the repayment period on all my loans under the Stafford Loan Program, the PLUS Program, or the Supplemental Loans for Students Program under Title IV, Part B of the Higher Education Act shall not be less than $600 per year, including payments by my spouse on any loan under such loan programs (or the balance of all such loans plus accrued interest if less than $600) even though this may result in a repayment period shorter than 5 years.

**X. Prepayment** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the lender, holder, or guarantor will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. The lender, holder, or guarantor must notify me at least 30 days in advance before information about the default will be disclosed to credit bureau organizations unless I enter repayment on the loan within 30 days. The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

**XII. Disability or Death** If I become totally and permanently disabled, or if I die, my obligation to pay an amount on this loan will be cancelled.

**BORROWER CERTIFICATION:**

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I the borrower, certify that the information contained in this application is true, complete and correct to the best of my knowledge and belief, and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I might attend to release to the lending institution, subsequent holder, Florida Department of Education, U.S. Department of Education or their agents, any requested information pertinent to this loan (e.g. employment, enrollment status, current address) I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period at the school covered by this application. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at that school for the loan period covered by this application. I certify that the total amount of loans received under the Stafford Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed allowable maximums. I further certify that I do not now owe a refund on a Pell Grant, Supplemental Educational Opportunity Grant, State Student Incentive Grant, or Byrd Scholarship and am not now in default on a Perkins Loan (formerly National Direct Student Loan), a Stafford Loan, a Federally Insured Student Loan, a PLUS Loan, a Supplemental Loan for Students, a Consolidation Loan, or an Income Contingent Loan. I further authorize my lending institution to issue a check covering the proceeds of my loan, in full or in part, made payable to me or at the lender's option, jointly payable to me and the school, and sent to the school. I have read and understand the provisions for deferment of repayment provided in the Application Booklet. I have read and understood the "Statement of Rights and Responsibilities" supplied with this application. I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my lender, my school, my loan amount (as determined by my lender), the fee amounts, grace period, and late charges. I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies.

NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.

EXHIBIT B

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS #1 OF 1

                Christopher Mathieson
                Aka: Christopher James Mathieson
                34 8th Ave. Apt. 5A
                New York, NY 10011
                Account No: 595383046

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 09/21/07.

On or about 08/31/93, the borrower executed promissory note(s) to secure loan(s) of $5,500.00, from Barnett Bank at a variable rate of interest to be established annually by the Department of Education. This loan obligation was guaranteed by Florida Department of Education, Office of Student Financial Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $41.18 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 09/20/94, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,860.57 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), **once the guarantor pays on default claim, the entire amount paid becomes due to the guarantor as principal.** The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 09/07/04, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

    Principal                                $2,860.57
    Interest:                                 $2,226.42

    Total debt as of 09/21/07:          $5,086.99

Interest accrues on the principal shown here at the current rate of 8.02% and a daily rate of $.63 through June 30, 2008, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: **10/19/07**

Delfin M. Reyes
Loan Analyst

_signature_
Loan Analyst
Litigation Support